IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-77,006




EX PARTE ARMANDO CALDERON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1242716 IN THE 176TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to 
possession of a controlled substance, and was sentenced pursuant to Section 12.44(a) of the Texas
Penal Code to sixty days’ county jail imprisonment. He did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate, and failed to adequately advise Applicant regarding the immigration/
deportation consequences of his plea. Applicant entered his plea approximately one week after the
United States Supreme Court handed down its opinion in Padilla v. Kentucky, 559 U.S. 356 (2010).
            The trial court has determined that trial counsel's performance was deficient in that counsel
did not adequately investigate, and did not correctly advise Applicant regarding the immigration/
deportation consequences of his plea in this case, and that but for counsel’s errors, Applicant would
not have pleaded guilty but would have insisted on going to trial on the charges. Relief is granted. 
The judgment in Cause No. 1242716 in the 176th District Court of Harris County is set aside, and
Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out
in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the
mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.

Delivered: March 27, 2013
Do not publish